UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

ALBERT SCOTT,
    Plaintiff

vs                                        Case No. C-1-03-669
                                             (Hogan, M.J)

JOHN E. POTTER, POSTMASTER
GENERAL, et. al.,
    Defendants

---

**ORDER**

---

This matter is before the Court on the Federal Defendants' Motion for Summary Judgment (Doc. 29), Plaintiff's Memorandum Contra Federal Defendants' Motion for Summary Judgment (Doc. 45), and Defendants' Reply thereto (Doc. 46). On January 6, 2004, the parties consented, pursuant to 28 U.S.C. § 636(c), to final disposition of this case by the undersigned United States Magistrate Judge. (Doc. 6).

**BACKGROUND**

Plaintiff is employed as a full-time Mail Handler at the Cincinnati Bulk Mail Center (CBMC). Plaintiff has been employed with the United States Postal Service as a Mail Handler since September 24, 1966. (Doc. 14, ¶ 12). Plaintiff's claims arise from an incident which occurred in December of 2001. On that date, Plaintiff was operating a forklift in the Inbound Dock Area of the CBMC when Defendant Jerry Seale, Plaintiff's supervisor, approached from the opposite direction. (Doc. 14, ¶ 13). According to Defendants, as Plaintiff came upon Seale, Seale jumped out of the way to avoid being hit by the forklift. (Deposition of

Albert Scott, at 31). According to Plaintiff, he was driving his forklift in a reasonable and safe manner, when Seale "began yelling at [Plaintiff] . . . [to] watch where he [was] going and accusing Plaintiff of almost hitting him with the forklift." (Doc. 14, ¶ 13). A half hour later, Seale instructed Plaintiff to report to the "swing" room. (Id. at ¶14). A pre-disciplinary interview was conducted after which Plaintiff was placed on "Emergency Placement" for his actions. (Id.). On December 13, 2001, Defendant Seale issued Plaintiff a written notice of the "Emergency Placement" stating as the basis for such "Improper Conduct/Unsafe Act." (Id.). Thereafter, on December 21, 2001, Plaintiff was issued a "Notice of Removal" for "Improper Conduct/Unsafe Act." (Doc. 14, ¶ 16). Plaintiff grieved both the emergency placement and the removal. Plaintiff's grievances were unsuccessful at Steps One, Two and Three. At Step 2 of both grievances, Plaintiff's grievances were denied by Lonnie Gates. (Id. at ¶¶ 15, 18). At Step Three, his grievances were denied by Thomas Scola (Id. at ¶ 19). On April 5, 2002, the Union appealed both grievances to arbitration. (Id. at ¶ 20). The arbitrator found that Plaintiff had engaged in unsafe behavior but nonetheless, awarded reinstatement in light of Plaintiff's years of service. However, the arbitrator declined to award back pay due to the "seriousness and intentional nature of the offense." (Doc. 25, Exh. B-P, Affidavit of James Bell). Plaintiff filed a complaint with the EEOC on January 11, 2002 which was denied on July 8, 2003.[1] Plaintiff filed his initial Complaint in this matter on September 20, 2003, alleging retaliatory discrimination, age discrimination, reverse race discrimination, and disparate impact[2]. (Doc. 1).

**OPINION**

The federal Defendants, John E. Potter, U.S. Postmaster General, the United States Postal Service, and postal employee Jerry Seale move the Court for

---

[1] Plaintiff failed to attach to his Complaint a copy of his Right to Sue letter as he had stated. While Defendant, in his Answer, denied that such a letter was issued, Defendant later states in his Motion for Summary Judgment that Plaintiff's EEOC complaint was denied. As such, we find that the existence of Plaintiff's Right to Sue letter is no longer disputed and Defendant has waived any such argument on this basis.

[2] While Plaintiff amended his Complaint to add a claim against the National Postal Mail Handlers Union, and the National Postal Mail Handlers Union, Local 304 for breach of the duty of fair representation, he subsequently dismissed that claim against those defendants on February 27, 2005. (*See* Docs. 32, 33).

summary judgment against Plaintiff based upon Plaintiff's failure to state a prima facie claim of race and age discrimination as well as retaliatory discrimination.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## RETALIATION

Plaintiff claims retaliation. In such a case, plaintiff has the burden of proving retaliation by a preponderance of the evidence. Proof of retaliatory motive is crucial. *See Rowe v. Cleveland Pneumatic Co.,* 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.,*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

In order to establish a prima facie case of retaliation under Title VII, plaintiff must produce evidence that: 1) he engaged in activity protected by Title VII; 2) defendant knew that plaintiff had engaged in such activity; 3) subsequently, defendant made an employment decision adversely affecting plaintiff; and 4) there is a causal link between plaintiff's protected activity and defendant's adverse employment action. *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987); *Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.*, 783 F.2d 50, 54 (6th Cir. 1986), *cert. denied*, 478 U.S. 1006 (1986). Protected activity consists of opposing any practice made unlawful by Title VII, making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding or hearing. 42 U.S.C. § 2000e-3 (a).

Plaintiff may demonstrate the requisite causal connection by demonstrating disparate treatment or disparate punishment; i.e., that similarly situated employees were not punished for rule violations similar to those committed by plaintiff. *See Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 377 (6th Cir. 1984), *appeal after remand, Jackson v. Pepsi-Cola*, 783 F.2d 50 (6th Cir. 1986), *cert. denied*, 478 U.S. 1006 (1986). An inference of causal connection may also be drawn where defendant's adverse employment action closely followed plaintiff's protected activity. *Wrenn*, 808 F.2d at 501; *Womack v. Munson*, 619 F.2d 1292, 1296 & n.6 (8th Cir. 1980), *cert. denied*, 450 U.S. 979 (1981).

The establishment of a prima facie case permits the "inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant

4

unlawfully discriminated against him. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once plaintiff establishes a prima facie case, the burden of going forward shifts to defendant to articulate a legitimate, nonretaliatory reason for its action. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 1032 (1988). The ultimate burden of persuasion never shifts from plaintiff. *Wrenn*, 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nonretaliatory reasons. If defendant's evidence raises a genuine issue of fact as to whether it intentionally retaliated against plaintiff, defendant has satisfied its burden of going forward. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); *Wrenn*, 808 F.2d at 501.

Where defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine*, 450 U.S. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. *See also Aikens,* 460 U.S. at 714-15. Although the presumption of retaliation, as a procedural device, drops from the case at this point, a permissible inference of retaliation may still be drawn by the trier of fact from the evidence introduced in plaintiff's case-in-chief. *Askin*, 600 F. Supp. at 754, 755. Plaintiff retains the burden or persuasion and must prove by a preponderance of the evidence that his protected activity was a significant factor in defendant's employment action. *Polk v. Yellow Freight System*, 876 F.2d 527, 531(6th Cir. 1989); *Batts v. NLT Corp.*, 844 F.2d 331, 336 (6th Cir. 1988). Plaintiff may succeed either directly by persuading the court that a retaliatory reason more likely than not was one of the reasons for discharge, *id*., or indirectly by showing that the defendant's proffered explanation is unworthy of credence. *Burdine*, 450 U.S. at 256; *Batts*, 844 F.2d at 501. Plaintiff need not prove that the discharge would not have occurred absent the protective activity. *Polk,* 876 F.2d at 531.

A plaintiff who has thus demonstrated that participation in Title VII protected activity was a substantial factor in his discharge is ordinarily entitled to relief. A defendant may, however, rebut the retaliation claim by proving by a preponderance of the evidence that the employment action in question would have been taken even if the retaliatory motive had been absent. *Batts*, 844 F.2d at 336.

5

In the present case, Defendant argues that Plaintiff has failed to establish a causal relationship between his protected activity and his termination. Plaintiff contends that there were "numerous incidents carried out by Defendant which provide sufficient evidence of retaliatory discrimination." Plaintiff argues that each time a grievance was settled, he was subjected to "retaliation" from Seale. It is undisputed that Defendant was aware of Plaintiff's prolific EEO activities. Plaintiff testified that he filed EEO complaints and contract grievances as many as ten times per year. Seale became Plaintiff's supervisor in 1996 or 1997. Yet, by Plaintiff's own testimony, his problems with Seale did not begin until early 1999 when Plaintiff began dating a women whom Seale's brother had previously dated. In his deposition testimony, Plaintiff points to activity from 1999 and 2000 as the basis for his retaliation claim. (Deposition of Albert Scott, at pp. 16, 22). Yet, Plaintiff was placed on emergency leave at the end of 2001, more than a year later. We find, therefore, that Plaintiff has failed to establish a sufficient temporal proximity between his protected activity and his emergency leave and termination. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)(evidence that the adverse action was taken shortly after plaintiff's exercise of protected rights is relevant to causation); *see also DiCarlo v. Potter*, 358 F.3d 408, 421 (6th Cir. 2004)(citing *Parnell v. West*, 95-2131, 1997 WL 271751 at *3 (6th Cir. 1997))("previous cases which [had] permitted a prima facie case to be made based on the proximity of time [had] all been short periods of time, usually less than six months.").

## AGE DISCRIMINATION

The ADEA was intended to protect the older worker from arbitrary classifications on the basis of age but not to restrict the employer's right to make bona fide business decisions. *Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1179 (6th Cir. 1983). Nor was it intended "as a vehicle for judicial review of [those] business decisions." *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 70 (6th Cir. 1982). In an action under the ADEA the ultimate issue is whether age was a determining factor in the employment decision made with respect to the complaining employee. *Merkill v. Scovill*, 787 F.2d 174, 177 (6th Cir. 1986).

A plaintiff may establish a *prima facie* case of disparate treatment by showing either direct or indirect evidence of discrimination. *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Ackerman v. Diamond Shamrock Corp.*,

6

670 F.2d 66 (6th Cir. 1982). A plaintiff alleging disparate treatment age discrimination may establish a prima facie case through the following circumstantial evidence: (1) he is a member of the protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and, (4) he was replaced by a younger person. *Barnes*, 896 F.2d at 1465. *See also Allen v. Diebold, Inc.*, 33 F.3d 674, 677-78 (6th Cir. 1994). In other words, the plaintiff must show that age was a determining factor in the adverse action the employer took against him. *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 514 (6th Cir. 1991). The employer is entitled to summary judgment if the plaintiff does not establish a *prima facie* case. *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-84 (6th Cir. 1992).

The purpose of the ADEA is to protect older workers from deprivations in employment based on inaccurate and stigmatizing stereotypes. *Hazen Paper*, 113 S. Ct. at 1706. When an employer's decision is motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes is not present. *Id.* at 1705. While pension status, seniority, wage rate, and years of service are often correlated with age, an employee's age is analytically distinct from his years of service. *Id.* at 1707. An employer can take into account years of service while ignoring age; therefore, a decision based on years of service is not necessarily age-based. *Id.* However, an employer may not use factors such as seniority, wage rate, or years of service as a proxy for age. *Id.* at 676. *Compare Barney v. Havemen*, 879 F. Supp. 775, 780 (W. D. Mich. 1995) *with Lyon*, 53 F.3d at 135.

The ADEA is designed to ensure that employers evaluate their employees on the basis of their merits rather than their age. *Allen*, 33 F.3d at 676-77. The ADEA was not intended to protect older workers from the often harsh economic realities of common business decisions and the hardships associated with corporate reorganizations, downsizing, plant closings, and relocations. *Id.* at 677. Plaintiffs must establish that the employer discriminated against them because they were in the protected group, not because they were expensive. *Id.* The ADEA does not bar the discharge of older employees but only prohibits employers from discriminating against them because they are older. *Id.* at 679.

In the present case, Plaintiff alleges that he was disciplined more harshly than other younger employees and that he was replaced by a person outside the protected class. Plaintiff claims that Seale's rhetorical question, "[w]hy don't you retire and make everybody happy?" is direct evidence of age discrimination. In

7

support of this argument, Plaintiff cites to *Ezell v. Potter,* 400 F.3d 1041(7th Cir. 2005); and *DiCarlo v. Potter*, 358 F.3d 408 (6th Cir. 2004). Defendant argues that these case are distinguishable and we agree. In *Ezell*, the discriminating official frequently made disparaging remarks about older workers and stated that he had a plan to get rid of older workers and replace them with younger, faster workers. The court in *Ezell* found that the statement regarding the plan to replace older workers was evidence of direct discrimination. 400 F.3d at 1050-51. In *DiCarlo*, the Sixth Circuit held that the supervisor's comments that the plaintiff was no spring chicken and that the plaintiff would never be a supervisor because of his age was sufficient direct evidence of age discrimination. 358 F.3d 408. Seale's one-time comment regarding a desire for Plaintiff to retire, without more, merely evidences personal animosity toward Plaintiff on the part of Seale. Thus, we find that these cases are distinguishable from the present case. Accordingly, Plaintiff has failed to establish direct evidence of age discrimination.

Similarly, Plaintiff's attempt to establish a prima facie case of age discrimination fails at the fourth element. While Plaintiff's Complaint alleges that he was replaced by a member outside the protected class, he has failed to provide any evidence supporting such an allegation. Indeed, Plaintiff completely fails to argue such in response to Defendants' Motion for Summary Judgment. In failing to provide any evidence that he was treated less favorably than a similarly situated individual outside the protected class, Plaintiff's argument rests on his "direct" evidence of age discrimination. As discussed above, such evidence is insufficient to prove age-based animus on the part of Defendant. For this reason, Plaintiff has failed to establish a prima facie case of age discrimination and Defendant is entitled to summary judgment in his favor.

## REVERSE DISCRIMINATION

Title VII prohibits racial discrimination against all groups. *McDonald v. Santa Fe Trail Transportation Company*, 427 U.S. 273, 278-79 (1976). Therefore, a white plaintiff may establish a race discrimination claim as well as a black plaintiff. Such a reverse discrimination claim requires modification of the standard of proof to reflect the context of the claim. *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985). The reverse discrimination plaintiff bears the burden of demonstrating that he was intentionally discriminated against despite his majority status. *Lanphear v. Prokip*, 703 F.2d 1311, 1315 (D.C. Cir. 1983).

Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.,* 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's *prima facie* case. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd,* 785 F.2d 307 (6th Cir. 1986).

> [A] prima facie case of "reverse discrimination" is established upon a showing that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority," (citations omitted); and upon a showing that the employer treated differently employees who were similarly situated but not members of the protected group.

*Murray v. Thistledown Racing Club, Inc.,* 770 F.2d 63, 67 (6th Cir. 1985).

By establishing a *prima facie* case, plaintiff creates a rebuttable presumption that the employer unlawfully discriminated against him. *Burdine*, 450 U.S. at 252. This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence; it denotes that an issue of fact has been created for determination by the trier of fact. *Askin,* 600 F. Supp. at 754-55.

Once plaintiff establishes a *prima facie* case, the burden of going forward shifts to defendant to articulate a legitimate reason for its actions. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978). It is sufficient if defendant's evidence raises a genuine issue of fact as to whether it discriminated against plaintiff. *Burdine,* 450 U.S. at 254-55.

Where defendant articulates a legitimate, nondiscriminatory reason for its action, the presumption of discrimination "drops from the case," *Id*. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. *See also U.S. Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 714-715 (1983).[3]

---

[3] Although the presumption of discrimination, as a procedural device, drops from the case at this point, a permissible inference may still be drawn by the trier of fact from the evidence introduced in plaintiff's case-in-chief on the substantive issue of discrimination. *Askin*, 600 F.

The "factual inquiry" referred to by the Supreme Court is whether defendant intentionally discriminated against plaintiff. *Id.* at 715. In other words, did defendant treat plaintiff less favorably because of his race? *Id.* Plaintiff retains the burden of persuasion, and may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Burdine,* 450 U.S. at 256. In short, the district court must decide which party's explanation of the employer's motivation it believes. *Aikens,* 460 U.S. at 716.

In the present case, Plaintiff offers no evidence of similarly situated African-American individuals being treated more favorably than himself. Plaintiff's sole piece of evidence on this issue is the Declaration of Thomas Carskadom which states that he [accidentally] struck another employee with his forklift and was not placed on emergency leave. (*See* Doc. 45, Exh. 4). Unfortunately, the declaration has two fundamental deficiencies which render it of little evidentiary value to the Court. First, the declaration does not state whether Carskadom is either under the age of forty or non-Caucasian.[4] Second, the declaration fails to identify Carskadom's supervisor at the time of this incident. As such, the declaration cannot be used to support Plaintiff's claims of disparate treatment on the basis of race or age. Having failed to offer the Court any evidence with respect to similarly situated employees, Plaintiff has failed to establish a prima facie case of reverse race discrimination.

## DISPARATE IMPACT RACIAL DISCRIMINATION

Plaintiff, in his Amended Complaint, alleges that he and other Caucasian employees were disciplined more severely than African-American employees. However, in response to Defendant's motion, Plaintiff offers no argument, and therefore no evidence, supporting such a claim.

---

Supp. at 754-55.

[4] Plaintiff's Amended Complaint appears to allege disparate treatment on the basis of age (*See* Doc. 14, ¶ 37), although as discussed *supra* at p.9, Plaintiff's Response to Defendant's Motion for Summary Judgment makes no such argument.

A prima facie case of disparate impact is established when: 1) plaintiff identifies a specific employment practice to be challenged; and 2) through relevant statistical analysis proves that the challenged practice has an adverse impact on a protected group. *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005); *see also Johnson v. U.S. Dept. Of Health and Human Servs.,* 30 F.3d 45, 48 (6th Cir. 1994); *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 908 (6th Cir. 1991). While Plaintiff has identified the employment practice challenged, he has offered no statistical evidence supporting his disparate impact argument. Indeed, Plaintiff has completely failed to offer any argument in opposition to Defendant's motion. As such, Plaintiff has failed to provide the evidence necessary to establish a genuine issue of material fact with respect to his disparate impact claim.

## HOSTILE ENVIRONMENT

Plaintiff attempts to argue that his treatment at the hands of Defendant created a hostile work environment. Plaintiff's memorandum, however, is unclear as to the discriminatory basis for the harassment, whether it was sexual harassment or retaliatory discrimination. Nonetheless, Plaintiff's Complaint and Amended Complaint are completely silent with respect to a hostile environment claim. The factual basis for Plaintiff's Amended Complaint begins with the date he was placed on emergency leave. Plaintiff has alleged no pattern of activity which could constitute a hostile work environment. As the time for amending the pleadings is well past, Plaintiff shall not be permitted to assert such a claim for the first time in response to Defendant's Motion for Summary Judgment. Accordingly, we find summary judgment to be appropriate in favor of Defendant on this issue.

## SEXUAL HARASSMENT DISCRIMINATION

In his attempt to assert a hostile environment claim, Plaintiff also argues, for the first time on summary judgment, that Seale's treatment of Plaintiff was motivated by sexual jealousy. This jealousy allegedly stems from Plaintiff's relationship with the former girlfriend of Seale's brother. However, Plaintiff's Amended Complaint is silent with respect to such a claim. Defendant also argues that this claim was not raised as part of the underlying EEO claim. As neither party has supplied this Court with a copy of Plaintiff's EEO complaint, the Court cannot base it's decision on such. Because Plaintiff failed to raise a sexual harassment claim in his Complaint, as well as the fact that the time for amending

the complaint is well past, such an argument is foreclosed at this stage of litigation.

## BIVENS CLAIM

Finally, Plaintiff attempts to assert a *Bivens*[5] claim against Defendant Seale. No such claim was asserted in Plaintiff's Complaint or Amended Complaint. As stated above, the time for amending the pleadings is well past. Therefore, Plaintiff shall not be permitted to assert such a claim for the first time in response to Defendant's Motion for Summary Judgment. For this reason, we find summary judgment in Defendant's favor to be appropriate with respect to Plaintiff's attempted *Bivens* claim.

Because, Plaintiff's Complaint has failed to set forth a *Bivens* claim, Defendant Jerry Seale is not a proper defendant in this action. Defendant John Potter, Postmaster General, is the only proper defendant based upon the claims plead. *See Kirkland v. Runyon*, 876 F. Supp. 941, 943 (S.D. Ohio 1995)(substituting, pursuant to 42 U.S.C. 20003-16(c), Postmaster General as sole party defendant in place of specific Postal Service employees). Additionally, because there is no individual liability under Title VII or under the ADEA, *see Wathen v. General Electric Co.,* 115 F.3d 400, 406 (6th Cir. 1997); *Sabouri v. Ohio Dept. of Educ.,* 142 F.3d 436, No. 96-4331, 1998 WL 57337 at *2 (6th Cir. Feb. 2, 1998); Defendants Seale and the United States Postal Service must be dismissed as Defendants in this action.

### IT IS THEREFORE ORDERED THAT:

---

[5] In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971), the Court permitted a claim for damages based directly upon the Fourth Amendment of the Constitution in a non-employment context. The Court specifically expressed that such an action may not be maintained where Congress has provided an alternative remedy and indicated its intent that the remedy should be a substitute for recovery under the Constitution or where there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Id.* at 396.

1) Defendant's Motion for Summary Judgment (Doc. 29) be GRANTED.

2) This case be TERMINATED on the Court's Docket.


Date: 6/23/2005          Timothy S. Hogan
                         Timothy S. Hogan
                         United States Magistrate Judge


J:\SMITHLE\SUMJUDG\Scott.msj.wpd